Jodi K. Swick No. 228634
jodi.swick@emhllp.com
Robert D. Whitney No. 296015
robert.whitney@emhllp.com
**EDISON, McDOWELL & HETHERINGTON LLP**
1 Kaiser Plaza, Suite 340
Oakland, CA 94612
Telephone:  510.628.2145
Facsimile:   510.628.2146

Attorneys for Plaintiff
AMERICAN GENERAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>JULIE VALENTINE,<br><br>    Defendant | Case No. 2:16-cv-08097<br><br>**PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF**<br><br>Complaint Filed: October 31, 2016 |

Plaintiff, American General Life Insurance Company ("American General"), a Texas corporation, by and through its undersigned counsel, files this Complaint for Declaratory Relief against Defendant Julie Valentine (the "Defendant"), and would show the court as follows:

## **INTRODUCTION**

1.  This is an action seeking a judicial declaration, against Defendant Julie Valentine, stating that an annuity contract issued to decedent Wanda Valentine terminated upon surrender by the annuitant and tender of the surrender funds to her by American General, that American General cannot and did not reinstate the contract as demanded by the Defendants, and that the parties are prohibited by California law from forming a new annuity contract using Wanda Valentine as the insured life.

## PARTIES

2. American General is a Texas insurance company authorized to transact the business of insurance in California. American General is organized under the laws of Texas and its principal place of business is located in Houston, Texas. As such, American General is a citizen of the state of Texas within the meaning and intent of 28 U.S.C. § 1332.

3. Defendant Julie Valentine is a resident of and domiciled in Los Angeles County, California. As such, Julie is a citizen of the State of California within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because American General is a citizen of a different state (Texas) than each Defendant (California) and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest, and costs. The object of the parties' controversy is an annuity contract that had a value of $269,435.72 at the time that it was surrendered. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5. This Court has jurisdiction over this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such a declaration, whether or not further relief is or could be sought."

6. Venue is proper for this action pursuant to 28 U.S.C. § 1391 because both defendants reside in Los Angeles County, California and all or a substantial portion of the events giving rise to the cause of action asserted herein occurred in the state of California.

## FACTUAL BACKGROUND

7. American General issued annuity contract VA21006416 to Wanda Valentine with an effective date of November 9, 1999 (the "Contract"). The annuity was funded with an initial purchase payment of $808,081.71. Wanda Valentine was also the annuitant

under the Contract.

8. Upon information and belief, the initial purchase payment for the Contract was made with funds that Wanda Valentine transferred from a similar annuity contract maintained with Franklin ValueMark. Upon information and belief, Wanda Valentine surrendered the contract with Franklin ValueMark and transferred the funds into the new Contract with American General due to her inability to locate the Franklin ValueMark policy.

9. On November 9, 2004, Wanda Valentine withdrew $121,212.26 from the Contract, as was authorized by the Contract's terms.

10. On December 16, 2004, Wanda Valentine initiated a withdrawal in the amount of $103,030.41 that was not processed until January 3, 2005.

11. On November 10, 2006, Wanda Valentine withdrew $314,403.32 from the Contract.

12. As of August 1, 2014, the Contract had a value of $269,435.72 and a surrender value of $6,380.77.

13. The Contract contains the following surrender provision:

### SURRENDERS

**General Surrender Provisions**

The amount surrendered will normally be paid to the Owner within 5 Valuation Dates following our receipt of:

(1) The Owner's Written request on a form acceptable to us; and

(2) This Contract, if required.

We reserve the right to defer payment of surrenders from the Fixed Account for up to 6 months from the date we receive the request.

**Full Surrender**

At any time prior to the Annuity Commencement Date and during the lifetime of the Annuitant, the Owner may surrender this Contract by sending us a Written request. The amount payable on surrender is:

(1) The Owner's Account Value at the end of the Valuation Period in which we receive the Owner's request on a form acceptable to us;

(2) Minus any applicable Surrender Charge;

(3) Minus any applicable Contract Fee; and

(4) Minus any applicable premium tax.

The amount payable upon surrender will not be less than the amount required by state law.

Upon payment of the surrender amount, this Contract will be terminated and the Company will have no further obligation to the Owner.

All collateral assignees must consent to any surrender or partial withdrawal. We may require that this Contract be returned to our Home Office prior to making payment.

14. The contract contains the following reinstatement provision:

### ONE-TIME REINSTATEMENT PRIVILEGE

**Reinstatement of Account Value**

If the Owner has made a full surrender of the Owner's Account Value, the Owner may reinstate the Contract, if we receive the Written reinstatement request, together with a return of the net surrender proceeds, not more than 30 days after the date as of which the surrender was made. In such a case, the Owner's Account Value will be restored to what it was at the time of the surrender (less any annual Contract maintenance charge that since become payable), and any subsequent Surrender Charge will be computed as if the contract had been issued at the date of reinstatement in consideration of a Purchase Payment in the amount of such net surrender proceeds. This one-time reinstatement privilege is available only if the Owner's Account Value following the reinstatement would be at least $500. Unless the Owner requests otherwise in Writing, the Account Value following reinstatement will be allocated among the divisions and Guarantee Periods in the same proportions as those prior to surrender.

15. On August 1, 2014, American General received an executed service request form from Wanda Valentine that requested a full surrender of the Contract. Under the terms of the Contract, American General was required to honor such a request.

16. American General's records reflect that Wanda Valentine's surrender request was approved in a Chase branch by two Chase employees, including a manager. The transaction was also verified using Wanda Valentine's valid California driver's license.

17. Upon receipt of Wanda Valentine's request to surrender the Contract, American General issued check number 0011872262 in the amount of $6,380.77, the surrender value of the policy as of August 1, 2014. Upon issuance of this check, American General's records were updated to reflect that the Contract had been surrendered by the Contract's owner, Wanda Valentine.

18. As of the date of surrender, American General's records reflect that

Defendant was the beneficiary of the Contract.

19. American General's records reflect that the surrender check was cashed on March 5, 2015.

20. Upon information and belief, Wanda Valentine died on July 12, 2015.

21. In or about November 2015, American General received correspondence from Defendant dated October 30, 2015. This letter claimed that at the time that Wanda Valentine surrendered the Contract in August 2014, she was not of sound mind. Defendant's letter was the first time that American General had been notified that Wanda Valentine suffered from an alleged mental issue. This letter demanded that American General posthumously reinstate Wanda Valentine's surrendered annuity contract.

22. Defendant's letter also included a personal check for the amount of the surrender funds. American General processed this check but did not apply the proceeds to the surrendered annuity contract account because the contract had been surrendered by Wanda Valentine and was therefore terminated. On January 28, 2016, American General issued a check refunding the funds Defendant provided with her October 2015 letter. Upon information and belief, Defendant has refused to accept this check and has not yet cashed it.

23. American General declined to reinstate the Contract because it had been surrendered by its owner, Wanda Valentine, prior to her death and the single avenue for reinstatement provided by the Contract had not been exercised.

24. Upon information and belief, Wanda Valentine's son Michel had been granted a power of attorney. American General was not informed of this transaction prior to Wanda Valentine's death. American General maintains forms available on its website for notification of execution of a power of attorney by its contract-holders. American General never received this form from Wanda or Michel Valentine.

## FIRST CAUSE OF ACTION

**(For Declaratory Relief against Julie Valentine and Michel Valentine)**

25. American General restates, re-alleges, and incorporates by reference its

allegations from Paragraphs 1 through 25 as though set forth in full herein.

26. An actual controversy has arisen and now exists between American General and Defendant regarding the operation of the Contract's terms and American General's duties thereunder. American General contends that, under the terms of the Contract and applicable law:

   a. Upon receipt of a request to surrender the Contract from Wanda, American General was obliged under the terms of the Contract to tender the surrender value to her.
   b. Once the surrender value had been tendered to Wanda Valentine, the Contract automatically terminated pursuant to its terms.
   c. Upon termination of the Contract, the only avenue for reinstatement required that the Contract owner request reinstatement in writing within 30 days of surrender and tender the full amount of surrender proceeds back to American General.
   d. Because American General received no written reinstatement request or a tender of the surrender funds from Wanda Valentine within 30 days of her surrender of the Contract, the Contract permanently terminated.
   e. American General cannot issue a new contract using Wanda's life as the insured life because she is now deceased and insurance contracts in California must be premised upon the existence of an insurable interest. A party may not have an insurable interest in a deceased person.
   f. American General's processing of Defendant's check in December 2015 could not and did not constitute an acceptance of her offer to reinstate the Contract.
   g. American General's processing of Defendant's check in December 2015 could not and did not constitute an accord and satisfaction of the Contract.
   h. American General's processing of Defendant's check in December 2015 could not and did not constitute an acceptance of an offer from Defendant

to form a new annuity contract on Wanda Valentine's life.

    i. Wanda Valentine's alleged mental incapacity did not preclude her from exercising rights under a contract executed at a time that she was of sound mind.

    j. Wanda Valentine, Michel Valentine, and Defendant failed to notify American General of Wanda's purported mental incapacity or that Wanda had granted Michel a power of attorney.

27. American General is informed and believes that Defendant disputes these declarations.

28. American General desires a judicial determination and declaration of the parties' respective rights and duties under the policy with respect to these issues.

WHEREFORE, American General prays for judgment against Defendant Julie Valentine as follows:

1. an order declaring and adjudging in American General's favor on each of the points raised in Paragraph 27, subparagraphs a-j;

2. an order awarding American General its costs of suit; and

3. an order awarding American General such other relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff American General hereby demands trial by jury in this action.

///
///
///
///
///
///

Dated: October 31, 2016    EDISON, McDOWELL & HETHERINGTON LLP

By: /s/ Jodi K. Swick
    Jodi K. Swick
    Robert D. Whitney

Attorneys for Plaintiff
AMERICAN GENERAL LIFE INSURANCE COMPANY